FOLAU I'AULUALO, Claimant,

v.

PULE SITAIAI MA'ILEOI, and TUASIVI S. I'AULUALO,
Counter-claimants.

Registration of the Matai Title I'AULUALO of the village of Afono

High Court of American Samoa
Trial Division

MT No. 08-97

September 24, 1998

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge,

TUAOLO, Associate Judge, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Claimant, Katopau T. Ainu`u
       For Pule Sitaiai Ma`ileoi, Afoa L.S. Lutu
       For Tuasivi S. I`aulualo, Tuana`itau F. Tuia, LP

OPINION AND ORDER

The *matai* title I`aulualo has been vacant for many years. Among other things, a longstanding history of factional rivalry within the I`aulualo extended family has existed between the immediate families of candidate Folau I`aulualo and candidate Tuasivi S. I`aulualo.[1] The I`aulualo family has since been divisive on the issue of *matai* succession, an issue which has been before this court earlier but remanded back to the family after the court found that none of the candidates then vying for the title were legally eligible to succeed. *See Aoelua v. I`aulualo*, 25 A.S.R.2d 116 (Trial Div. 1994), *aff'd Siofaga v. I`aulualo*, AP No. 06-94 (App. Div. 1995). Once again, this dispute is before the court. Contesting succession at this time are Folau S. I`aulualo ("Folau"), Tuasivi S. I`aulualo ("Tuasivi"), and Pule Sitaiai Ma`ileoi ("Pule").

■ In these matters we look to the four statutory criteria set out in A.S.C.A. § 1.0409(c), namely; (1) best hereditary right, (2) clan support, (3) forcefulness, character and personality, and knowledge of Samoan customs, and (4) value to family, village, and country.

### Discussion

A. Best Hereditary Right

■ We find that all three candidates are blood heirs to the *matai* title I`aulualo. We further find that all three candidates descended from the first title-holder established in Afono, I`aulualo Tuua. Family history records the first titleholder as having three issue: Sili`i (female); Taualoa (female); and Solo (male). The three candidates before the court are all descended from Taualoa. In these circumstances where family history is harmonious, we apply the *Sotoa* rule in calculating best hereditary right. *See In re Matai Title "Misa,"* AP No. 09-95 (App. Div. 1997); *In re Matai Title "Lolo,"* 25 A.S.R.2d 175, 176 (Land and Titles Div. 1994); *In re Matai Title "Sotoa,"* 2 A.S.R.2d 15 (Lands and Titles Div. 1990).

We find that Folau is sixth generation descendant; Tuasivi is sixth

---

[1] Some insight into this rivalry may be found in *I`aulualo v. Siofaga*, 10 A.S.R.2d 26 (Land & Titles Div. 1989).

239

generation descendant; and Pule is fifth generation descendant. Since Pule is a generation ahead of Folau and Siofaga, we conclude that Pule prevails on the issue of best hereditary right.

## B. Clan Support

No dispute on the evidence exists as to clan makeup and number. There are three traditional clans in the I'aulualo family, namely, the Sili'i, Taualoa, and Solo clans. The evidence further shows that the I'aulualo family met on several occasions to select a matai. Three meetings were initially convened in Afono. Then there were two meetings held before the Office of Samoan Affairs, and a short discussion took place in Ili'ili. While Folau did not attend any of the family meetings at Afono, his uncle Maave attended for Folau's side of the family.

The family failed to reach a consensus at the first and second meetings at Afono; however, a settlement or compromise was arrived at during the third meeting. Here, the whole family agreed that Maave would hold the family's other vacant chiefly title "Laupola," while its orator title "I'aulualo" would be co-held by Pule and Siofaga Faleseu, the father of Tuasivi. Faleseu, on other hand, withdrew from contention and that left Pule as the sole appointee. At the conclusion of this conciliatory effort by the assembled family, Maave gave a speech praising and thanking the family for its *tofa* (the wisdom of its judgment [in appointing he and Pule to the family's two vacant titles]). He then advised the gathering that he would personally convey the family's decision to Folau, whom he referred to as "his son."

■ With Folau unyielding on his position that the matter be taken to court, there were two subsequent, and requisite, meetings at the Office of Samoan Affairs pursuant to the requirements of A.S.C.A. § 43.0302. Folau did not attend the first meeting, although he attended the second only after he was directed by Samoan Affairs to participate. At the latter meeting, Folau advised the family that the matter would be taken to court as he had already offered the title for registration with the Territorial Registrar. Folau's registration application attracted the objection of Pule and Tuasivi.

■ On the foregoing, we find that neither the candidacy of Folau nor the candidacy of Tuasivi were presented to the assembled family for its consideration. Therefore, they can lay no claims to family support. On the other hand, we find that Pule's candidacy was not only presented to the family but was unanimously endorsed by family consensus. Accordingly, we hold that Pule prevails on the issue of clan support.

240

## C. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

■ Folau is 53 years of age and presently resides in Ili`ili. He left the territory at the age of 16 and, after graduating from high school in San Francisco, he joined the construction industry in the mainland and worked his way to general foreman. He returned to American Samoa with a mainland contractor that was contracted by the American Samoa Government to construct the Afono road project. Folau has since remained in the territory, working first with the Department of Public Works, and then with TEMCO, coordinating territorial disaster programs with local government officials. He has also served as a member of the Flag Day Committee during various administrations.

Within his church, Folau's service has gained him prominence. He has held the office of *failautusi aoao* (secretary general) and he has also served on numerous church development committees.

Pule is 59 years of age and also resides in Ili`ili. He has had a varied work history. After high school, he joined the government working first as a school teacher and then with the Department of Public Works for one year, before leaving to work with the private sector. After two years working at the fish canneries, he went back to government to the Department of Agriculture ("DOA") where he remained for twenty-three years until he was medically discharged. While employed with the DOA, he represented the department at various off-island seminars and workshops. He is also a member of the Territorial Humanities Council, a government body commissioned with promoting awareness of the native culture.

Tuasivi is 27 years of age and currently resides in Afono. After high school, he attended Community College and then spent some time in Hawaii working at a variety of jobs, including driving a food delivery truck and dancing in a polynesian entertainment show. He recently returned home to serve the family in Afono and is currently employed with the Department of Port Administration as a security officer on the main docks. Tuasivi also helps out with the family business in Afono.

Under this heading, Folau prevails on the forcefulness factor. He has the more impressive work history. He is aggressive, but to a fault in some serious respects. He seems less amenable to counsel and rather headstrong in his quest to become the next titleholder. Being unsuccessful with the family in his bid to become the I`aulualo, he has singularly forced the issue of *matai* succession to the courts.

241

On the other hand, we rate Pule ahead of both Folau and Tuasivi on the consideration of character, personality, and knowledge of Samoan customs. Having observed his demeanor on the stand and evaluated his responses to the various questions fielded by him, we rate him ahead on the issue of knowledge of Samoan customs. At the same time, he impressed us as being a humble, composed, and level-headed individual, traits that no doubt weighed with the family when they attempted to give the title to him. In our view, he best fits the bill as peacemaker within a very discordant family. Although we had some initial reservations with his health which prompted his early retirement, we find that Pule has not slowed down in retirement and that his life has not been one of leisure. Besides a history of progressive leadership assignments within his church, Pule continues to work, supplementing the family income with crop farming and a small store he operates in Ili`ili.

Tuasivi's youth weighs against him; his comparatively brief history to date merely bespeaks the fact that he is only just starting out in life. He is, however, a confident and promising young man that the I`aulualo family can certainly look to in the future. Service to the family and village are very much a part of his future goals, as is evident by his participation in various community chores under the direction of the *pulenu`u* and his attendance at the youth activities of his church at Afono. While his side was prepared to accept the family's decision reached at Afono, his candidacy was an afterthought prompted by the realization that the issue of *matai* succession would be pursued beyond the family's decision, and his immediate family's desire for representation in a judicial proceeding.

Overall, we find Pule to prevail on this consideration.

D. Value to Family, Village, and Country

As we stated above, Tuasivi shows potential as a prospective leader. Apart from the fact that he lives in the village and is thus more in daily contact with village and family responsibility, Tuasivi is immediately disadvantaged because he does not have the history of family, village, and country, commitments that the other candidates exhibit.

Both Folau and Pule have both served the family by contribution to *fa`alavelave* and village obligations. They both demonstrate adequate resources available if selected to undertake the responsibilities of the titleholder. They have both rendered service to the people and government of American Samoa beyond their respective positions of employment by serving on government commissions. However, the scales must also tilt here in favor of Pule on the factor we alluded to above; that is, the best potential for restoring peace and harmony to a

242

family that has been divided for too long. Unlike Folau, Pule enjoys a significant measure of family following. Unlike Folau, he does not belong to either of the factions that have plagued the family with rivalry. He is thus in a unique position to best serve the immediate needs of the I'aulualo family. Pule prevails also on this consideration.

### Conclusion and Order

Based on the foregoing, we hold that Pule is qualified to hold the title I'aulualo as he prevails on all four statutory criteria. The Territorial Registrar shall, in accordance with A.S.C.A. § 1.0409(b), register the *matai* title I'aulualo, attached to the village of Afono, in candidate Pule Sitaiai Ma'ileoi.

It is so ordered.